UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA THOMAS NITKIN, | No. 2:24-cv-02233 SCR P |
| Plaintiff, | |
| v. | ORDER |
| CLARK, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Plaintiff's complaint is before the undersigned for screening under 28 U.S.C. § 1915A. (ECF No. 1.) Plaintiff has also requested leave to proceed in forma pauperis. (ECF No. 2.) For the reasons set forth below, plaintiff's complaint states a cognizable Fourteenth Amendment bodily privacy claim against defendant Clark and cognizable First Amendment retaliation claims against defendants Romero and Rodgers, but no other cognizable claims. Plaintiff will be given the option of proceeding on cognizable claims or filing an amended complaint.

**IN FORMA PAUPERIS**

Plaintiff has requested leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915. (ECF No. 2.) Plaintiff has submitted a declaration showing that plaintiff cannot afford to pay the entire filing fee. See 28 U.S.C. § 1915(a)(2). Accordingly, plaintiff's motion to proceed in forma pauperis is granted. This means that plaintiff is allowed to pay the

1

$350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum. 28 U.S.C. §§ 1914(a). As part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust account. See 28 U.S.C. § 1915(b)(1). A separate order directed to CDCR requires monthly payments of twenty percent of the prior month's income to be taken from plaintiff's trust account. These payments will be taken until the $350 filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

## STATUTORY SCREENING OF PRISONER COMPLAINTS

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In performing this screening function, the court must dismiss any claim that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**PLAINTIFF'S COMPLAINT**

The facts underlying the complaint occurred at Mule Creek State Prison ("MCSP"). (ECF No. 1 at 1.) Plaintiff names three defendants: (1) Correctional Officer ("C/O") Clark; (2) Sgt. Romero; and (3) Captain Keith Rodgers. (Id. at 2.)

Plaintiff alleges that on August 4, 2024, at approximately 12:30 p.m., defendant Clark came to plaintiff's cell and asked for the covering on the window to come down. (ECF No. 1 at 5.) Plaintiff informed Clark that plaintiff was naked and transgender. Plaintiff asked Clark for a couple of minutes to get dressed before taking the cover down. Defendant Clark said, "Nitkin, take the cover down and let me see you." Plaintiff again informed defendant Clark that plaintiff was naked and transgender. Defendant Clark banged on the door and told plaintiff to take the cover down or he would have the doored opened. Out of fear of being exposed to the dayroom, plaintiff complied. Defendant Clark stared and pointed at plaintiff's naked body and said, "Nitkin, you sure look good and let me hit it." Plaintiff covered the window and refused to come out for fear of being assaulted. Defendant Clark allegedly threatened to hurt plaintiff if plaintiff told anyone. (Id.)

Later that day, plaintiff filed a PREA complaint about the incident with the shift lieutenant. (ECF No. 1 at 3.) A report was taken and given to the ISU for further review. The next day, plaintiff was called to the program office and spoke to defendant Romero. Romero told plaintiff to drop the complaint or be fired from IAC duties and plaintiff's assignment as a peer mentor. (Id.) Romero also said that plaintiff would be transferred and subjected to cell searches. Plaintiff told defendant Romero that Clark was harassing plaintiff and making threats. Romero replied that it was plaintiff's "fault for being naked in your cell, you asked for it." (Id.)

Plaintiff was called into the program office again on August 12, 2024. (ECF No. 1 at 4.) Plaintiff told defendant Rodgers about Clark's harassment and defendant Romero's retaliation. Rodgers said that he does not care what happened and that plaintiff asked and begged for Clark to force plaintiff to show plaintiff's naked body. Rodgers said that plaintiff complains too much and that if plaintiff continued to pursue actions against his employees, he would move plaintiff from the facility and destroy plaintiff's property. (Id.)

Plaintiff alleges defendants' actions have caused emotional and mental distress. Plaintiff seeks compensatory and punitive damages. (ECF No. 1 at 6.)

**DISCUSSION**

### I. Claim I: Fourteenth Amendment Bodily Privacy

The complaint's first claim alleges "sexual harassment and misconduct" by defendant Clark but does not identify a particular constitutional or federal statutory right. (ECF No. 1 at 5.) The Eighth Amendment's protections against cruel and unusual punishment "do not necessarily extend to verbal sexual harassment." Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004). The Ninth Circuit has repeatedly found that harassing speech and conduct more egregious than alleged in this case not to violate the Eighth Amendment. See, e.g., Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (no Eighth Amendment violation where a guard approached an inmate who was on the toilet, rubbed his thigh against the inmate's thigh, and laughed); Austin, 367 F.3d at 1171 (no Eighth Amendment violation where corrections officer exposed himself to an inmate for 30 to 40 seconds); Blueford v. Prunty, 108 F.3d 251, 254–55 (9th Cir. 1997) (no Eighth Amendment violation where prison employee pulled inmate's hands toward his own genitals, grabbed his own genitals, and demanded anal sex). Because there are no allegations that Clark touched plaintiff, the undersigned instead liberally construes this claim as alleging a violation of plaintiff's Fourteenth Amendment right to bodily privacy.

"[T]he Fourteenth Amendment protects a sphere of privacy, and the most 'basic subject of privacy . . . the naked body.'" Vazquez v. Cnty. of Kern, 949 F.3d 1153, 1165 (9th Cir. 2020) (citations omitted). "[P]risoners retain a limited right to bodily privacy." Byrd v. Maricopa Cnty. Bd. of Supervisors, 845 F.3d 919, 923 (9th Cir. 2017) (quoting Michenfelder v. Sumner, 860 F.2d 328, 333 (9th Cir. 1988)). The Ninth Circuit has held that a male parole officer observing a female parolee while she used the toilet, when his view was "neither obscured nor distant," violated her clearly established right to bodily privacy. Sepulveda v. Ramirez, 967 F.2d 1413, 1416 (9th Cir. 1992). Similarly, in Byrd, 845 F.3d at 924, the Ninth Circuit reversed the sua sponte dismissal of a Fourteenth Amendment bodily privacy claim challenging the policy of allowing female guards to observe male pretrial detainees showering and using the bathroom.

4

Here, the complaint pleads sufficient facts to state a Fourteenth Amendment bodily privacy claim against defendant Clark. Accepting the allegations as true, defendant Clark was aware of plaintiff's gender identity and concerns with being seen naked. The undersigned also infers from the factual allegations, including the removal of the window covering and defendant Clark's alleged staring and pointing at plaintiff's naked body, that Clark's view of plaintiff's body was neither obscured nor distant. Accordingly, for screening purposes only, plaintiff has stated a cognizable Fourteenth Amendment bodily privacy claim against defendant Clark.

## II.   Claims II: First Amendment Retaliation

Plaintiff's second claim alleges retaliation and harassment by defendant Romero. The undersigned construes this as a First Amendment retaliation claim. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559 567-68 (9th Cir. 2005) (citations omitted). Filing grievances, including PREA complaints, is a protected action under the First Amendment. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003); Tate v. Nakashyan, No. 1:22-CV-0624 SKO (PC), 2023 WL 11828712, at *4 (E.D. Cal. Mar. 28, 2023) (PREA specifically).

Plaintiff has adequately alleged a First Amendment retaliation claim against defendant Romero. Defendant Romero allegedly threatened to fire plaintiff from plaintiff's IAC and peer mentor assignments and subject plaintiff to a transfer and cell searches if plaintiff did not drop the PREA complaint. Romero's alleged threats are sufficiently adverse to survive screening. "The mere *threat* of harm can be an adverse action, regardless of whether it is carried out because the threat itself can have a chilling effect." Brodheim v. Cry, 584 F.3d 1262, 1270 (9th Cir. 2009) (emphasis in original). Further, accepting plaintiff's version of the events as true, Romero's threats did not further any legitimate penological interests. Accordingly, plaintiff has stated a cognizable First Amendment retaliation claim against defendant Romero.

////

### III. Claim III: Eighth Amendment Failure to Protect

Plaintiff's third claim alleges defendant Captain Rodgers was deliberately indifferent to defendants Clark's and Romero's misconduct. (ECF No. 1 at 4.) Plaintiff identified the issue as "code of silence and failure to report staff conduct." (Id.) The undersigned construes this claim as alleging an Eighth Amendment failure-to-protect claim against Rodgers for failing to report the alleged misconduct of his subordinates Clark and Romero.

To state an Eighth Amendment claim based on a failure to protect, a plaintiff must allege that prison officials were "deliberately indifferent" to "conditions posing a substantial risk of serious harm." Farmer, 511 U.S. at 834. A prison official acts with deliberate indifference only if he "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

Generally, "[f]ailing to report an incident that has already taken place, without more," does not amount to a failure to protect under the Eighth Amendment. Harbor v. Cherniss, No. 2:15-CV-0705 AC (P), 2016 WL 1587240, at *3 (E.D. Cal. April 20, 2016). To state an Eighth Amendment failure-to-protect claim based on a prison official's failure to report an incident by a subordinate, a plaintiff must show "that by failing to report the incident, defendants knowingly disregarded an excessive risk to plaintiff's health or safety." (Id.)

Here, plaintiff has not stated sufficient facts to show that Rodgers' failure to report Clark's misconduct resulted in an additional risk to plaintiff's health and safety, let alone that Rodgers knowingly disregarded that risk by failing to report him. For example, plaintiff has not alleged that Rodgers' failure to report Clark put plaintiff at risk of further sexual harassment. Similarly, plaintiff does not allege that any additional harms arose out of defendant Rodger's refusal to report Romero's retaliatory threats. Accordingly, plaintiff has not stated a failure-to-protect claim. See Nicklas v. Kokor, No. 1:18-cv-0119 LJO EPG PC, 2020 WL 520150, at *7 (E.D. Cal. Jan. 31, 2020) (screening out Eighth Amendment failure-to-protect claim where plaintiff did not allege that defendants' failure to report assault put plaintiff at risk of being assaulted again).

However, the complaint's allegations are sufficient to state a standalone retaliation claim

1  against defendant Rodgers. Rodgers allegedly told plaintiff to drop the actions against his
2  employees or be "written up and moved off the facility." (ECF No. 1 at 4.) Rodgers also
3  allegedly threatened to destroy plaintiff's property. (Id.) As with the retaliation claim against
4  Romero, the nexus between plaintiff's protected PREA complaint and defendant Rodgers' alleged
5  threats are enough to state a First Amendment claim at this early stage of the proceeding.

**CLAIMS FOR WHICH A RESPONSE WILL BE REQUIRED**

7  After conducting the screening required by 28 U.S.C. § 1915A(a), the court finds that
8  plaintiff has adequately alleged a Fourteenth Amendment bodily privacy claim against defendant
9  Clark and First Amendment retaliation claims against defendants Romero and Rodgers, but no
10 other cognizable claims. The allegations in the complaint are not sufficient to state an Eighth
11 Amendment claim over Rodgers' alleged failure to report Romero and Clark. As explained
12 above, plaintiff has not alleged that Rodgers' failure to report Clark or Romero created an
13 excessive risk to plaintiff's health or safety or that Rodgers knowingly disregarded any threat to
14 plaintiff's health or safety.

15 Based on the court's screening, plaintiff has a choice to make. After selecting an option
16 from the two options listed below, plaintiff must return the attached Notice of Election form to
17 the court within 30 days from the date of this order.

18 **Option No. 1:** The first option available to plaintiff is to proceed immediately against
19 defendant Clark on the Fourteenth Amendment bodily privacy claim and against defendants
20 Romero and Rodgers on the First Amendment retaliation claims. By choosing this option,
21 plaintiff will be agreeing to voluntarily dismiss the second claim alleging failure to protect under
22 the Eighth Amendment. The court will proceed to immediately serve the complaint and order a
23 response from defendants Clark, Romero, and Rodgers.

24 **Option No. 2:** The second option available to plaintiff is to file an amended complaint to
25 fix the problems described above regarding the Eighth Amendment claim. If plaintiff chooses
26 this option, the court will set a deadline in a subsequent order to give plaintiff time to file an
27 amended complaint.
28 If plaintiff chooses to file an amended complaint, plaintiff must demonstrate how the

7

challenged conditions resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must specifically identify how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court will not refer to a prior pleading to make the amended complaint complete. See Local Rule 220. This is because, as a general rule, an amended complaint replaces the prior complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012). **Therefore, in an amended complaint, every claim and every defendant must be included.**

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. Plaintiff's Eighth Amendment failure-to-protect claim against defendant Rodgers does not state claims for which relief can be granted.

4. Plaintiff has the option to proceed immediately on the Fourteenth Amendment bodily privacy claim against defendant Clark and on the First Amendment retaliation claims against defendants Romero and Rodgers, as set forth above, or to file an amended complaint.

5. Within 30 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened

8

complaint or whether he wants to file an amended complaint.

6. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of the Eighth Amendment claim against defendant Rodgers.

DATED: September 3, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA THOMAS NITKIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CLERK, et al.,<br><br>　　　　Defendants. | No.  2:24-cv-02233 SCR P<br><br>NOTICE OF ELECTION |

　　　　Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on the Fourteenth Amendment bodily privacy claim against defendant Clark and the First Amendment retaliation claims against defendants Romero and Rodgers without amending the complaint.  Plaintiff understands that by choosing this option, the Eighth Amendment failure-to-protect/report claim against defendant Rodgers will be voluntarily dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a).

\_\_\_\_\_ Plaintiff wants time to file an amended complaint.

DATED:_____

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　Joshua Thomas Nitkin, Plaintiff pro se

1