UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSHUA THOMAS NITKIN,

Plaintiff,

v.

CLARK, et al.,

Defendants.

No. 2:24-cv-2233 SCR P

ORDER

Plaintiff is incarcerated in a state prison and proceeding pro se with an action brought under 42 U.S.C. § 1983. Plaintiff asks the Court to appoint counsel because, *inter alia*, he is unable to afford counsel and has limited knowledge of the law. ECF No. 21 at 2.

District courts lack authority under 28 U.S.C. § 1915 to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request that an attorney voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack

of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Wood, 900 F.2d at 1335; Riley v. Franke, 340 F. Supp. 3d 783, 787 (E.D. Wis. 2018).

Beyond § 1915(e)(1), other sources of law may implicate a request for counsel. For example, appointed counsel may be required in a civil proceeding as an accommodation for a litigant who is disabled. See Franco-Gonzalez v. Holder, No. 10-cv-02211 DMG (DTBx), 2013 WL 3674492, at *3-*9 (C.D. Cal. Apr. 23, 2013) (granting summary judgment to class of mentally disabled individuals in civil immigration proceedings on their request for appointed representatives under the Rehabilitation Act). Due process may also require appointment of counsel in certain proceedings. See Turner v. Rogers, 564 U.S. 431, 444-45 (2011) (analyzing request for appointment of counsel in civil proceeding under the Mathews v. Eldridge, 424 U.S. 319 (1976), procedural due process framework).

Having considered the factors under Palmer, the undersigned finds plaintiff has not met his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. Plaintiff's indigency and lack of legal knowledge are circumstances common to most incarcerated litigants. See Wood, 900 F.2d at 1335. The cases that plaintiff cites for support on these points were at the trial stage and much further along than this case. See, e.g., Solis v. Cnty. of Los Angeles, 514 F.3d 946, 958 (9th Cir. 2008) (finding incarcerated litigant "ill-suited" to conduct jury trial and remanding for district court to reconsider motion to appoint counsel). Moreover, at this early stage of the case, the undersigned cannot properly analyze plaintiff's likelihood of success on the merits but does not find his Fourteenth Amendment bodily privacy and First Amendment retaliation claims particularly legally or factually complex.

Finally, while plaintiff cites his former enhanced outpatient status as a basis to appoint counsel, ECF No. 21 at 12, he does not explain how his mental health conditions impair "meaningful access" to these proceedings. See Franco-Gonzalez, 2013 WL 3674492, at *4. Plaintiff's filings thus far, including this well-researched and argued motion, suggest, at least at this stage, that he can articulate his claims pro se. Cf. Tucker v. Randall, 948 F.2d 388, 392 (7th Cir. 1991) (remanding to appoint counsel in part due to the pro se plaintiff's "inartful pleadings").

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 21) is denied without prejudice to refiling at a later point in the proceedings.

DATED: August 21, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE